UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

TIMOTHY D. ABBOTT                                                              PLAINTIFF

v.                                                           CIVIL ACTION NO. 3:09CV-P948-R

LAYNE TROUTMAN *et al.*                                            DEFENDANTS

### MEMORANDUM OPINION AND ORDER

Plaintiff Timothy D. Abbott filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for *sua sponte* screening of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the Court will dismiss a portion of the claims and allow a portion to proceed for further development.

### I. SUMMARY OF CLAIMS

Plaintiff is a pretrial detainee currently incarcerated at the Bullitt County Detention Center ("BCDC"). He files suit against Defendants Layne Troutman, George Thurman, and Jason Ellison in their individual and official capacities. Plaintiff alleges that on September 7, 2009, Defendants subjected him to excessive force when Defendant Thurman "jumped on top [him] and hit [him] in the left side of [his] jaw and then he got up and kicked [him] in the right side of [his] jaw." He alleges that the other two defendants were present and could have intervened but did nothing but watch the assault. Plaintiff asserts that Defendants' actions violated the First, Sixth and Fourteenth Amendments to the United States Constitution.

### II. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that it is frivolous or malicious, fails to state a claim upon

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to ''state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --U.S.--, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

### III. ANALYSIS

**A.**     **<u>Official-Capacity Claims</u>**

The official-capacity claims against Defendants are actually claims against their employer, Bullitt County. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing

clerk's employer, the county).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will first address the second issue, *i.e.*, whether the municipality is responsible for the alleged constitutional violation.

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), overruled on other grounds by *Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981)).

In the instant case, Plaintiff alleges that he was subjected to an assault by Defendant Thurman. Plaintiff does not allege that a governmental policy or custom existed that caused his alleged harm. The incidents alleged in Plaintiff's complaint appear to be isolated occurrences. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). As

3

nothing in the complaint demonstrates that the events alleged in the complaint occurred as a result of a policy or custom implemented or endorsed by Bullitt County, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim against it.  Thus, Plaintiff's official-capacity claims will be dismissed.

**B.     First Amendment**

The First Amendment to the United States Constitution provides:  "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances."  Nothing in Plaintiff's complaint indicates that Defendants prohibited him from practicing his religion or exercising his freedom of speech.  Accordingly, the Court will dismiss Plaintiff's First Amendment claims.

**C.     Sixth Amendment**

The Sixth Amendment to the United States Constitution provides:  "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed . . . and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence."  Again, Plaintiff's complaint concerns an assault against him; it does not allege anything about his criminal trial.  Accordingly, the Court will dismiss Plaintiff's Sixth Amendment claims.

**D.     Fourteenth Amendment**

The Court will allow Plaintiff's Fourteenth Amendment claims to proceed against Defendants in their individual capacities. In so doing, the Court makes no determination on the ultimate outcome of the claims. The Court will enter a separate Scheduling Order to assist in the development of the remaining claims.

## IV. ORDER

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiff's official-capacity claims, First Amendment claims, and Sixth Amendment claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Date:


cc:     Plaintiff, *pro se*
        Defendants
        Bullitt County Attorney
4414.008