# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION
# CASE NO. 3:09-CV-948

**TIMOTHY D. ABBOTT**                                                     **PLAINTIFF**

v.

**LAYNE TROUTMAN, ET AL.**                                       **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff filed the above-captioned case *pro se*. The Court issued a scheduling order on February 23, 2010, stating that the parties were to conclude pretrial discovery by July 12, 2010. Defendants have attempted to obtain discovery responses from Plaintiff to no avail. On June 23, 2010, Defendants filed a motion to compel. That motion is still pending, and Plaintiff has not responded. On July 12, 2010, Defendants filed the present motion seeking dismissal of this action because Plaintiff has failed to notify the parties and the Clerk of the Court of his change of address. In support of their motion, Defendants present a returned envelope from the Bullitt County Detention Center stating "Return to Sender, Inmate Not Here." The Court notes that Plaintiff has not contacted the Clerk of the Court with any change in address.

Upon filing the instant action, Plaintiff assumed the responsibility to keep this Court advised of his current address and to actively litigate his claims. *See* Local Rule 5.2(d) ("All pro se litigants must provide written notice of a change of address to the clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions."). Apparently, Plaintiff is no longer incarcerated at the Bullitt County Detention Center, and because he has not provided any forwarding address to the Court, neither notices from this Court nor filings by Defendants can be served on him. In such situations, courts have an inherent power "acting on

their own initiative to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Because it appears to this Court that Plaintiff has abandoned any interest in prosecuting this case, the Court will dismiss the action by separate Order.